IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOSHUA S. SIMONS, #289202, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:15-CV-840-MHT-GMB |
| ) | |
| CHAMBERS COUNTY CIRCUIT ) | |
| COURT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Joshua S. Simons ("Simons"), an indigent state inmate, in which he challenges the constitutionality of a conviction and sentence imposed upon him in 2014 by the Circuit Court of Chambers County, Alabama. *Complaint - Doc. No. 1* at 2-3. Specifically, Simons alleges that he was denied the right to represent himself during trial and argues that his sentence was improperly enhanced under the Alabama Habitual Offender Act. Simons names the Chambers County Circuit Court, Judge Tom Young and District Attorney Roland L. Sledge as defendants. Simons seeks relief from the challenged conviction and sentence. *Id.* at 4.

Upon review of the complaint and in accordance with applicable federal law, the court concludes that this case is due to be dismissed prior to service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II. DISCUSSION

The claims presented by Simons in the instant complaint challenge the constitutionality of a conviction and sentence entered against him in 2014 by the Circuit Court of Chambers County, Alabama. Simons is currently incarcerated pursuant to this sentence. Under well settled law, the claims raised by Simons regarding the validity of his conviction and sentence provide no basis for relief in this cause of action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 483-489. The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or

---

[1] The court granted Simons leave to proceed *in forma pauperis* in this civil action. *Order of November 10, 2015 - Doc. No. 3*. A prisoner allowed to proceed *in forma pauperis* will have his complaint screened under the provisions 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

injunctive relief. *Balisok*, 520 U.S. at 646-648. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481, citing *Preiser*, 411 U.S. at 488-490; *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on his conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."). The Supreme Court has emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649.[2]

---

[2] The plaintiff is advised that he must first exhaust any available state court remedies prior to seeking habeas relief from this court.

It is clear that Simons' conviction and concomitant sentence that form the basis for his present incarceration have not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. *Heck* and its progeny therefore bar Simons' use of any federal civil action, other than an application for habeas corpus relief, to mount a collateral attack on his conviction and sentence. *Heck*, 512 U.S. at 489 ("Even a prisoner who has fully exhausted [all] available . . . remedies has no cause of action under § 1983 unless and until the conviction . . . is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, the claims presented by Simons seeking relief from the conviction and sentence imposed upon him in 2014 by the Circuit Court of Chambers County, Alabama are prohibited and subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as the claims presented by the plaintiff are not at this time cognizable in the instant civil action.

It is further

ORDERED that on or before November 30, 2015 the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of November, 2015.

                                                  /s/ Gray M. Borden
                                  UNITED STATES MAGISTRATE JUDGE